NOT DESIGNATED FOR PUBLICATION

No. 116,797

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN D. HART,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed August 4, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and BURGESS, S.J.

*Per Curiam*: Dustin D. Hart appeals the revocation of his probation and imposition of his original sentence. This court granted Hart's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). Finding no error, we affirm.

Pursuant to a plea agreement, Hart pled guilty to two counts of aggravated battery. The district court placed Hart on 24 months' probation with an underlying controlling sentence of 36 months' imprisonment.

1

The State later moved to revoke Hart's probation. At the probation revocation hearing, Hart stipulated he failed to report to his probation officer as directed, absconded, and committed a new offense while on probation. Based on the commission of the new offense, the district court revoked Hart's probation and imposed his underlying sentence.

Unless otherwise required by law, probation is a privilege, not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation involves two steps. The district court must first determine whether the probationer has violated a condition of probation, and if a probation violation occurred, the district court must determine whether the violation warrants revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008).

A district court's decision to revoke probation will not be overturned absent an abuse of discretion. 286 Kan. at 227-28. A district court abuses its discretion if its judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the trial court abused its discretion bears the burden of showing an abuse of discretion. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015).

Hart contends the district court erred when it revoked his probation and imposed his underlying sentence. However, Hart stipulated to violating his probation. Since Hart committed a new felony while on probation, the district court had the discretion to impose his underlying sentence without first imposing an intermediate sanction. K.S.A. 2016 Supp. 22-3716(c)(8). The district court's decision to revoke Hart's probation was not based on an error of law or fact. The district court's decision to revoke his probation was not arbitrary, fanciful, or unreasonable. Therefore, the district court did not abuse its discretion.

Affirmed.